UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL DUNHAM,
    Plaintiff,

vs.                                                                 04-1168

JOHN BAKER, et.al.,
    Defendants.

ORDER

This cause is before the court for case management and consideration of the defendants' motions for summary judgement as to Count II of the plaintiff's complaint. [ d/e 39, 43]

BACKGROUND

The plaintiff filed this complaint pursuant to 42 U.S.C. §1983 on May 21, 2004 claiming that his constitutional rights were violated at Pontiac Correctional Center.  The plaintiff named eight defendants.   The pro se plaintiff did not clearly outline his allegations, so the court reviewed the plaintiff's intended claims in a merit review hearing.  On June 29, 2004 the court found the plaintiff has adequately alleged the following claims:

> 1) Defendants Baker and Scrogum used excessive force in violation of the Eighth Amendment when they beat the plaintiff on October 10, 2003.
> 2) Defendant Atkinson failed to protect the plaintiff from the October 10, 2003 attack in violation of the Eighth Amendment.
> 3) Defendants Baker and McBurney retaliated against the plaintiff for his past grievances in violation of the First Amendment.  The defendants retaliated in a variety of ways including continued attacks, interference with mail and interference with the plaintiff's living conditions.
> 4) Defendants Mote and Wilson failed to protect the plaintiff in violation of the Eighth Amendment when the plaintiff complained about the conduct of the other defendants and Defendants Mote and Wilson took no action.
> 5) Defendants Baker, Scrogum, Tangman, McBurney, and Hendrickson violated the Eighth Amendment when they either put the plaintiff in a freezing cell with no bedding or clothing, or repeatedly turned off his water and toilet, or refused to feed the plaintiff.

FIRST MOTION FOR SUMMARY JUDGEMENT

The defendants filed motions for summary judgement concerning only the plaintiff's claims concerning the October 10, 2003 incident.  The defendants stated that the plaintiff had been disciplined as a result of the same incident, and had not claimed that this discipline was overturned.   On July 13, 2005, the court granted the defendants' motions and dismissed the October 10, 2003 claims and Defendant Atkinson.

The court also noted that the plaintiff had not filed a response to this motion for summary judgement. The court gave the plaintiff fourteen days to inform the court whether he intended to pursue this litigation. The plaintiff responded by stating that he had in fact filed a response to the motion for summary judgement and provided a copy of his response. The plaintiff provided no explanation for why this document was not provided to the clerk of the court. The outside of the document indicates a postmark of July 29, 2005 which was after the court had already ruled on the pending motion and is also well past the deadline for filing a response.

The defendants have now filed notices with the court stating that they have learned that the discipline the plaintiff had received for the October 10, 2003 incidents had been expunged by the Administrative Review Board on March 21, 2005. The defendants claim they were not aware of this action until after the court granted the motions to dismiss. The defendants also state they believe the plaintiff has still failed to state a claim since his action did not accrue until the loss of good time credits had been resolved. Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997); Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004). Therefore, the defendants argue the court did not have jurisdiction until the disciplinary ticket had been overturned on March 21, 2005.[1]

The plaintiff's complaint made no mention of the disciplinary ticket. In fact, the plaintiff did not even mention the discipline had been expunged in his untimely response to the motion for summary judgement. The plaintiff has also not responded to the Notice to the Court filed by the defendants. Nonetheless, the court will reinstate these claims.

While its true the plaintiff could not bring claims concerning the events of October 10, 2003 until the resulting discipline was expunged, there seems little point in delaying the resolution of these claims. The plaintiff could simply file a motion to amend his complaint asking to reinstate these issues. Therefore, the court will strike the July 13, 2005 court order which granted the initial motions to dismiss. The reinstated motions are denied as moot. The court will reinstate the claims concerning the October 10, 2003 events and reinstate Defendant Atkinson.

## SECOND MOTION FOR SUMMARY JUDGEMENT

The defendants have now filed motions for "summary judgement as to Count II." [d/e 39, 43]. The defendants state that the plaintiff filed a two count complaint and they are asking the court to dismiss the sole surviving claim. The motions ignore the specific claims identified by the court in the Merit Review Order issued on June 29, 2004.[2]

The defendants' motions for summary judgement are denied. Addressing the motions as

---

[1] The plaintiff filed this case on May 21, 2004.

[2] These claims were reiterated in the July 13, 2005 Court Order which granted summary judgement as to the October 10, 2003 claims.

tendered will only unnecessarily confuse the issues and make this litigation more difficult for a pro se plaintiff. Any future motions should refer specifically to claims identified in this order.

**IT IS THEREFORE ORDERED that:**

**1) The clerk or the court is directed to strike the court's July 13, 2005 court order granting defendants summary judgement motions as to Count I of the complaint. [d/e 38]. The clerk is to reinstate Defendant Atkinson.**

**2) The defendants reinstated motions for summary judgement are denied as moot. [d/e 28, 34]**

**3) The defendants second motions for summary judgement are also denied due to the form of the motions. [d/e 39, 43]**

**4) The surviving claims in this case are:**

**A) Defendants Baker and Scrogum used excessive force in violation of the Eighth Amendment when they beat the plaintiff on October 10, 2003.**
**B) Defendant Atkinson failed to protect the plaintiff from the October 10, 2003 attack in violation of the Eighth Amendment.**
**C) Defendants Baker and McBurney retaliated against the plaintiff for his past grievances in violation of the First Amendment. The defendants retaliated in a variety of ways including continued attacks, interference with mail and interference with the plaintiff's living conditions.**
**D) Defendants Mote and Wilson failed to protect the plaintiff in violation of the Eighth Amendment when the plaintiff complained about the conduct of the other defendants and Defendants Mote and Wilson took no action.**
**E) Defendants Baker, Scrogum, Tangman, McBurney, and Hendrickson violated the Eighth Amendment when they either put the plaintiff in a freezing cell with no bedding or clothing, or repeatedly turned off his water and toilet, or refused to feed the plaintiff.**

**5) Any future motions in this case should refer specifically to the claims outlined in paragraph 4 of this order**

**6) The court will grant an extension of the dispositive motion deadline. Any dispositive motions must be filed on or before April 28, 2006.**

Entered this 22nd day of March, 2005.

                                      s\Harold A. Baker
                      _____
                             HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE