UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL DUNHAM,
    Plaintiff,

vs.                                                                                     04- 1168

CORRECTIONAL OFFICER JOHN BAKER, et.al.,
    Defendants.

## ORDER.

This cause is before the court for consideration of the defendants' motions for summary judgement. [d/e 52, 55]. Defendant Baker filed his motion for summary judgement on March 27, 2006. [d/e 52]  Notice of the dispositive motion and the deadline for filing a response was mailed to the plaintiff on the same day.[d/e 54]   Defendants Scrogum, Mote, Wilson, Tangman, McBurney and Hendrickson filed their motion for summary judgement on April 28, 2006. [d/e 55]  Again, notice of the dispositive motion and deadline for filing a response was sent to the plaintiff. [d/e 57]   The plaintiff has failed to file any response to either motion.

## I. BACKGROUND

The plaintiff, Michael Dunham, brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center.   The plaintiff has eight surviving defendants including Correctional Officers John Baker, Dale Scrogum, Corey Wilson, Gregory Tangman, Lex McBurney, Sargent Atkinson and Shane Hendrickson as well as Warden Stephen Mote.   The plaintiff's surviving claims include:

    1) Defendants Baker and Scrogum used excessive force in violation of the
    Eighth Amendment when they beat the plaintiff on October 10, 2003.
    2) Defendant Atkinson failed to protect the plaintiff from the October 10, 2003 attack
    in violation of the Eighth Amendment.
    3) Defendants Baker and McBurney retaliated against the plaintiff or his past
    grievances in violation of the First Amendment.  The defendants retaliated in a
    variety of ways including continued attacks, interfering with mail and with the plaintiff's
    living conditions.
    4) Defendants Mote and Wilson failed to protect the plaintiff in violation of the Eighth
    Amendment when the plaintiff complained about the conduct of the other defendants
    and Defendants Mote and Wilson took no action.
    5) Defendants Baker, Scrogum, Tangman, McBurney and Hendrickson violated the
    Eighth Amendment when they either put the plaintiff in a freezing cell with no bedding
    or   clothing; or repeatedly turned off his water and toilet, or refused to feed the plaintiff.

The defendants have now responded by filing motions for partial summary judgement asking the court to dismiss claims 2, 3,4 and 5.  A district court cannot properly rule upon a

motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir.1982).  This means that a pro se  prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment. *Id.*

In this case the plaintiff was repeatedly advised that he could "not simply rely upon the allegations made in your complaint." [d/e 54, 57]   The plaintiff was also admonished that if he did "not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for the purposes of summary judgement." *Id.*  The plaintiff was also provided with a copy of Federal Rule of Civil Procedure 56(e).

Accordingly, the court finds that the plaintiff was given notice and a fair opportunity to present counter-affidavits or other evidence in opposition to the defendants' motion. Nonetheless, the plaintiff has failed to provide any type of response to either motion for summary judgment.

## II. FACTS

The following facts are taken from the defendants' statements of undisputed fact, the defendants' exhibits and, where appropriate, the plaintiff's complaint and attachments.

The plaintiff's complaint alleges that on October 10, 2003, he refused direct orders from officers to give them a tray that was in his cell.  As a result, he was transferred to a "more disciplined cell." (Comp., p. 4)   In his deposition, the plaintiff states that Officers Atkinson, Andrew and Baker came to escort him. (Def. Memo, Plain. Depo, p. 13)   The plaintiff alleges that Officer Baker assaulted him.  The plaintiff says he could not see the other two officers, but he heard Officer Atkinson run up and tell Officer Baker to stop. *Id.*    The plaintiff's complaint also alleges that Officer Scrogum beat him as he was transferred to the new cell.

Defendant Dale Scrogum is a Lieutenant at Pontiac Correctional Center.  Scrogum claims before October 10, 2003, he was unaware that the plaintiff had any made any complaints or filed any grievances against him or the other defendants.  Defendant Scrogum claims he was not informed of any complaints or grievances between October 10, 2003 and October 23, 2003.

Defendant John Baker was a correctional officer at Pontiac Correctional Center. Defendant Baker says he was not aware of any grievances the plaintiff had filed against him or Defendant McBurney on October 10, 2003.  The defendant also says he was not aware of any complaints the plaintiff had made about him to his superior officers or to internal affairs. Defendant Baker adds that he never turned off the water to the plaintiff's cell at any time between October 10, 2030 and October 23, 2003.

Defendant Lex McBurney, Gregory Tangman and Shane Hendrickson were all correctional officers at Pontiac Correctional Center.  Each claims they were unaware of any complaints or grievances the plaintiff lodged against them or any other officer.   They also claim they did not turn off the water to the plaintiff's cell at any time between October 10, 2003 and

October 23, 2003.

The plaintiff says he could not see who turned the water off to his cell, but says Defendant Baker admitted that he had turned off the plaintiff's water on a couple of occasions. (Plain. Dep., p. 51) The plaintiff in his deposition also states that he has no direct evidence that Defendant Baker retaliated against him based on prior grievances he had filed. (Def. Memo, Plain. Depo.,p. 36). The plaintiff further states that he believed all the officers were retaliating against him because the officers were all "buddies." *Id* at 33.

The Manager of the Office of Inmate Issues says she has searched the records of the Administrative Review Board and the plaintiff failed to appeal any grievances concerning the cold conditions of his cell from October 10, 2003 through October 14, 2003.

The defendants state that the plaintiff filed a grievance against Defendant McBurney on September 30, 2003 alleging that McBurney was destroying his legal mail. However, the only grievance submitted by the defendants is dated October 3, 2003.[1] The Grievance Officer received the grievance on October 14, 2003, and she investigated by speaking to an Officer Parsann and Lieutenant Potter. Both indicated that plaintiff's legal work was thrown away. The court cannot fully read the handwritten response, but apparently the legal work was left in an inappropriate place with another inmate's papers and an incident report was written as a result.

The defendants also have submitted a note from the plaintiff to Warden Mote complaining about the attack on October 10, 2003 and the resulting harassment. The defendants claim Mote forwarded this document on to Internal Affairs due to the "routing slip." (Def. Memo, p. 5) The court assumes the defendants are referring to a note at the top of the page stating "Copy Wilson, Kennedy, FYI." (Def. Memo, Ex. 6B). Without an affidavit from Defendant Mote or another individual involved in the handling of this document, the defendants have offered no proof of this claim.

The plaintiff has attached several documents to his complaint including:

* A November 25, 2003 letter from the Illinois Department of Corrections Chief Investigations and Intelligence Officer. Mary Hodge says she is responding the plaintiff's letter to the Office of the Inspector General alleging staff misconduct. "Be advised that the F.B.I. is currently investigating your complaints and appropriate action will be taken based on the conclusion of their investigation." (Plain. Comp, Nov. 25, 2003 Ltr)

* Several responses from the Administrative Review Board concerning plaintiff's complaints of staff misconduct. (*See* Plain. Comp, Jan. 15, 2004 ltr, Jan. 30, 2004 ltr, Feb. 4, 2004 ltr, Feb. 23, 2004 ltr, March 15, 2004 - two letters.) The court notes that one grievance apparently mentioned Defendants Tangman and Scrogum, but the others deal with incidents involved Defendant Baker. All appeals were denied based on the board's opinion that the issue had already been

---

[1] The court notes the defendants cite to an Exhibit 6, the Affidavit of Lori Crofton. However, the court notes there is no Exhibit 6 attached to the motion for summary judgement. There is an Exhibit 6A.

appropriated addressed and the allegations could not be substantiated.

\* A November 24, 2003 letter from the Administrative Review Board stating a letter the plaintiff had sent to the Governor concerning staff harassment had been forwarded to the board. The board stated that Pontiac Correctional Center's Internal Affairs Officer reported that the plaintiff's claims were being investigated by an outside law enforcement agency.

\* Grievances. The plaintiff has attached 23 grievances to his complaint. The court notes that 15 of the grievances attached to the plaintiff's complaint have no response from a counselor and no stamp indicating they were ever received. Therefore, there is no evidence that the defendants ever saw these documents. The other grievances all report some kind of alleged staff misconduct. It appears the plaintiff originally submitted many of the grievances as emergency grievances that were refused, and then later resubmitted as standard grievances. The earliest date that any of these grievances was received by the grievance officer was November 10, 2003. It appears the grievance officer spoke to Defendant Baker about many of the claims and responded by early January of 2004 that Defendant Baker denied the plaintiff's allegations. It does not appear that any of these grievances concern Defendant McBurney.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

## IV. ANALYSIS

A. RETALIATION

The defendants argue that the plaintiff has failed to demonstrate that they retaliated against the plaintiff based on his grievances. Although it is easy to state a retaliation claim, the burden of proving the claim is heavy. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *see also Cole v Litscher*, 2005 WL 627791 (W.D. Wis. March 15, 2005). A prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's

actions. *Spiegla v. Hull*, 371 F.3d 928, 942-43 (7th Cir. 2004). Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct. *Id.* at 943. Therefore, if a prison officer's actions are supported by legitimate penological concerns, the retaliation claim fails as a matter of law.

In the case before the court, the plaintiff has failed to respond to the motion for summary judgment and has failed to provide any evidence that the defendants were motivated by retaliation. There is no evidence that any of the defendants knew about his grievances before the alleged conduct. In addition, the plaintiff in his deposition admits he has no evidence the defendants were motivated by retaliation, but instead assumed they were retaliating because all the officers were "buddies." The defendants' motion for summary judgement as to the plaintiff's claim of retaliation, claim No. 3, is granted.

B. FAILURE TO PROTECT

Defendants Atkinson, Mote and Wilson allege that the plaintiff has failed to demonstrate that they failed to protect the plaintiff from assaults by other staff members. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). However, to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the guard subjectively disregarded that risk." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "[A] negligent failure to protect an inmate from harm by fellow inmates is not actionable under the Eighth Amendment or directly under the Due Process Clause." *Lewis El v. O'Leary*, 631 F.Supp. 60, 62 (N.D.Ill.1986)

Defendant Atkinson argues that the plaintiff's own version of events states that after Baker attacked him he heard Atkinson run up and tell Baker to stop. The defendant also argues that the plaintiff claims Atkinson then got help from other officers. The defendants refer to the plaintiff's deposition. However, the defendants have failed to provide the page cited.[2]

The court cannot say that there is no genuine dispute of material fact concerning the plaintiff's claim that Defendant Atkinson was deliberately indifferent to his safety. It is not clear from the evidence before the court how long the alleged assault by Officers Baker and Scrogum lasted or how long Defendant Atkinson was there. The motion for summary judgement as to the failure to protect claim against Defendant Atkinson is denied.

Defendants Mote and Wilson also argue that there is no evidence that they failed to protect the plaintiff from a risk of serious harm. The plaintiff has not responded to the motion by

---

[2]The defendants cite Ex. 1, p. 21. The deposition sample provided goes from page 20 to page 32.

providing any evidence that Mote and Wilson were aware of the threat of harm. However, even if the plaintiff could show the defendants knew he was in danger, there is no evidence they were deliberately indifferent. Both defendants were aware the plaintiff's claims were being investigated by an outside agency. The motion for summary judgement as to the plaintiff's claim that Defendants Mote and Wilson failed to protect him is granted.

C. CELL CONDITIONS

The defendants also argue that the court should dismiss the plaintiff's final Eighth Amendment claim because he failed to exhaust administrative remedies as required. The plaintiff alleges that Defendants Baker, Scrogum, Tangman, McBurney and Hendrickson put the plaintiff in a freezing cell with no bedding or clothing; or repeatedly turned off his water and toilet, or refused to feed the plaintiff. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a). *See also Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, (7th Cir. 1999).

The Manager of the Office of Inmate Issues for the Illinois Department of Corrections states that she has searched the records of the Administrative Review Board and the plaintiff did not complete the appeal process "regarding any grievances as to the cold conditions of his cell from October 10, 2003 to October 14, 2003." (Def. Memo, Anderson Aff, p.3). The defendants make no mention of the plaintiff's claim that they turned off his water and refused to feed him.

The court finds the plaintiff did fail to exhaust his administrative remedies for his claims only that the cell was freezing and he had no bedding or clothing.

The defendants further argue that there is no evidence the plaintiff's constitutional rights were violated based on failure to feed him or turning off his water. To establish a violation of the Eighth Amendment, the plaintiff must prove two elements: 1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities," and 2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) *quoting Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

In some circumstances, the denial of food may satisfy the first element. However, the defendants point out that the Seventh Circuit has held that the denial of food is not a *per se* violation of the Eighth Amendment. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999). Instead, the court "must assess the amount and duration of the deprivation." *Id.* "A violation exists when the denials are so frequent that the inmate is not being provided with a 'nutritionally adequate diet.'"*Cole v. Litscher,* 2005 WL 627791 at 10 (W.D. Wis 2005) *quoting Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir. 1996). The plaintiff has failed to make this showing. In addition, the plaintiff has failed to provide any specific evidence concerning his allegation that the defendants turned his water off. The motion for summary judgement on this claim is

therefore granted.

CONCLUSION

Defendant Baker's motion for partial summary judgement is granted. [d/e 52]   The remaining defendants' motion for summary judgement is granted in part and denied in part.  The plaintiff's surviving claims are:

> 1) Defendants Baker and Scrogum used excessive force in violation of the Eighth Amendment when they beat the plaintiff on October 10, 2003.
> 2) Defendant Atkinson failed to protect the plaintiff from the October 10, 2003 attack in violation of the Eighth Amendment.

The motion for summary judgement is granted as to the following claims:

> 3) Defendants Baker and McBurney retaliated against the plaintiff or his past grievances in violation of the First Amendment.
> 4) Defendants Mote and Wilson failed to protect the plaintiff in violation of the Eighth Amendment when the plaintiff complained about the conduct of the other defendants and Defendants Mote and Wilson took no action.
> 5) Defendants Baker, Scrogum, Tangman, McBurney and Hendrickson violated the Eighth Amendment when they either put the plaintiff in a freezing cell with no bedding or  clothing; or repeatedly turned off his water and toilet, or refused to feed the plaintiff.

The court notes that once again the plaintiff appears to have lost interest in pursuing this litigation. *See* July 13, 2005 Court Order.  The plaintiff must inform this court within 14 days if he still intends to pursue this litigation or his case will be dismissed.

In addition, the court notes that although defense counsel argued in favor of dropping the claim against Defendant Atkinson, this defendant was not included in the motion's heading. Counsel is reminded that Defendant Atkinson was reinstated on March 22, 2006. *See March 22, 2006 Court Order.*

**IT IS THEREFORE ORDERED THAT:**

**1) Defendant Baker's motion for partial summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 52]**

**2) The remaining defendants motion for summary judgement is granted in part and denied in part. [d/e 55].  The plaintiff has two surviving claims against Defendants Baker, Scrogum and Atkinson that: 1) Defendants Baker and Scrogum used excessive force in violation of the Eighth Amendment when they beat the plaintiff on October 10, 2003; and 2) Defendant Atkinson failed to protect the plaintiff from the October 10, 2003 attack in violation of the Eighth Amendment.  All other claims are dismissed.**

**3) The clerk is directed to enter judgement in favor of Defendants Corey Wilson, Gregory Tangman, Lex McBurney, Shane Hendrickson and Stephen Mote and against the plaintiff in accordance with this order.   These defendants are terminated from the case.**

**4) The plaintiff must inform the court within 14 days whether he still intends to pursue this ligation.  If the plaintiff does not respond within the 14 day time frame, this case will be dismissed for failure to prosecute with due diligence.**

**5) Defense counsel is reminded that Defendant Atkinson was reinstated in this case on March 22, 2006.**

**6) This cause is set for pretrial conference on April 2, 2007 at 10:00 a.m. by video conference.  The clerk is to issue a writ for the parties participation in the conference.**

**7) The defendants are reminded that they bear the responsibility for the initial preparation of the pretrial order.  However, the proposed pretrial order must contain information from both the plaintiff and the defendants.  The proposed pretrial order must be submitted to the clerk of the court on or before Friday, March 30, 2007.**

 **8)   This cause is set for jury trial on April 23, 2007 at 9:00.  No writs to issue at this time.**

Enter this 21st day of March,  2007.


                             s\Harold A. Baker

_____
                   HAROLD A. BAKER
             UNITED STATES DISTRICT JUDGE